CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:12CR00039-02 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PETER RAMOS, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Peter Ramos has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2).[1] For the following reasons, the motion must be denied.

## Background

On October 17, 2012, Ramos entered a plea of guilty to conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Prior to sentencing, the probation officer prepared a presentence report, which designated Ramos as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable guideline range based on that provision. At the time of sentencing, the court adopted the presentence report and found that Ramos qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 188 to 235 months. The court granted a substantial assistance motion filed by the government and imposed a 94-month sentence.

Ramos now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under

---

[1] Ramos was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

§ 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Ramos that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The Office of the Federal Public Defender agreed to assist Ramos. An attorney in the office has filed a brief in support of Ramos's motion. The motion is ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).[2]

---

[2] The defendant asserts that Application Note 1(A) is invalid because the Sentencing Commission failed to comply with the notice and comment provisions of the Administrative Procedure Act (APA). However, the defendant does not cite any authority adopting this position, and "every circuit to consider the APA argument has upheld the Note's validity." United States v. Webb, 760 F.3d 513, 520 n.6 (6th Cir. 2014) (citing cases). Likewise, courts have rejected the defendant's argument that the Application Note violates the Ex Post Facto Clause and the separation of powers doctrine, and is inconsistent with § 3582(c)(2). Id.; see also United States v. Ware, 694 F.3d 527, 534 (3d Cir. 2012); United States v. Wright, 562 F. App'x 885, 889 (11th Cir. 2014); (Cont'd on next page)

2

In this case, Ramos's applicable guideline range was his career offender range of 188 to 235 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Ramos's applicable guideline range was not affected by Amendment 782. Although the court departed from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively applicable amendments to the Guidelines, Ramos is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and

---

United States v. Goode, 953 F. Supp. 2d 74, 79 (D.D.C. 2013). The court's review of existing caselaw reveals that the Note's definition of "applicable guideline range" has been applied in every circuit, including the United States Court of Appeals for the Fourth Circuit. See, e.g., United States v. Solomon, No. 16-6009, 2016 U.S. App. LEXIS 6024, at *1 (4th Cir. Apr. 1, 2016); United States v. Moton, 531 F. App'x 377, 378 (4th Cir. 2013).

3

not the range calculated after applying any departure or variance.") (internal citation and quotation marks omitted).

Finally, the court notes that the fact that Ramos benefitted from a substantial assistance motion is of no consequence in the instant proceeding. Unlike cases involving mandatory minimum sentences and substantial assistance, the court is not authorized to ignore a defendant's career offender status in determining whether the defendant is eligible for a sentence reduction based on an amendment to the Guidelines. See U.S.S.G. § 1B1.10(c) (clarifying that, in "cases involving mandatory minimum sentences and substantial assistance," the amended guideline range shall be determined "without regard to" the mandatory minimum). While this may seem unfair, the court is "not at liberty to disregard the Sentencing Commission's clearly expressed policy choices." United States v. Forrest, 402 F.3d 678, 689 (6th Cir. 2005); see also United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding"). Unless and until the Sentencing Commission affords similar treatment to career offenders who provided substantial assistance to the government, or otherwise amends the Guidelines applicable to career offenders, the court will not have the authority to reduce Ramos's sentence under § 3582(c)(2). See, e.g., United States v. Ballew, 619 F. App'x 985, 986 (11th Cir. 2015) (rejecting a career offender's argument that the district court's downward variance based on his substantial assistance meant that he was eligible for a reduced sentence under Amendment 782); United States v. Jay, No. 3:11-375, 2016 U.S. Dist. LEXIS 57755, at *2 (D.S.C. May 2, 2016) (holding that a career offender who received a Rule 35 reduction was not entitled to a further reduction based on Amendment 782).

4

For all of these reasons, Ramos's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

/s/ Glen Conrad
Chief United States District Judge

5